IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LOUIS RAY MARCHETTI,

    Plaintiff,
v.                                         CASE NO. 1:20-cv-30-RH-GRJ

OFFICER ROSS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*. On November 3, 2020, the Court entered an order to show cause "requiring Plaintiff to explain why his case should not be dismissed for failure to prosecute or failure to comply with a court order." ECF No. 25. Plaintiff failed to respond to the Court's order to show cause by the imposed deadline of November 17, 2020. For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED** under Federal Rule of Civil Procedure 41(b) for failure to prosecute this action and failure to comply with a court order.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on December 13, 2019, when he was a prisoner in the custody of the Florida Department of

Corrections. ECF No. 1 at 1–2. Plaintiff alleged that he was subject to unconstitutional excessive force and deliberate medical indifference by Defendants David Suro and Elmer Ross, as well as three unidentified "John Doe" corrections officers, at Cross City Correctional Institution. *Id.* at 5–8. Because Plaintiff is proceeding *in forma pauperis*, ECF No. 4, the Court ordered the United States Marshal to serve Plaintiff's Complaint on Defendants Suro and Ross, ECF No. 9. In that same order, the Court directed Plaintiff "to keep the Clerk of Court advised of any change in his mailing address should be transferred, released from prison, or otherwise relocated," *id.* at 4–5, and warned him that "[f]ailure to do so may result in the dismissal of [this] action for failure to prosecute should court orders not be able to reach [him]," *id.* at 5.

After Defendants filed their Answer to the Complaint, ECF No. 16, the Court entered a Case Management and Scheduling Order that included a discovery deadline of October 13, 2020, and a dispositive motions deadline of November 2, 2020, ECF No. 20. This case was silent until November 2, 2020, when Defendants filed a motion to modify the scheduling order and a motion for the issuance of an order to show cause against Plaintiff. ECF Nos. 21, 22.

According to Defendants, ECF No. 22 at 2, and DOC Probation Specialist Gerald Delisfort, ECF No. 22-1, Plaintiff was released into community supervision from prison on August 18, 2020, but absconded on or about September 14, 2020. Mr. Delisfort stated that Plaintiff's whereabouts are unknown. ECF No. 22-1 at 1. And notwithstanding this Court's February 5, 2020, order, ECF No. 9, Plaintiff failed to advise the Court of his release from prison or his mailing address.

On November 3, 2020, the Court entered an order to show cause "requiring Plaintiff to explain why his case should not be dismissed for failure to prosecute or failure to comply with a court order" by no later than November 17, 2020. ECF No. 25. The Court directed the Clerk to mail a copy of the order to show cause to Plaintiff's last known address in Dania Beach, Fla. ECF No. 24 at 3. Plaintiff has failed to respond to the order to show cause, and the time for doing so has passed.

## II. DISCUSSION

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019). It is well-established that a plaintiff's failure to advise the Court of a change in address is "tantamount to an abandonment of the

3

case and/or a failure to prosecute." *Lagrone-Bey v. Davis*, No. 5:19-cv-493-TKW-MJF, 2020 WL 3414685, at *1 n.1 (N.D. Fla. June 22, 2020); *see also McCauley v. Warden, FCC Coleman-Low*, No. 5:17-cv-609-Oc-02PRL, 2019 WL 3068387, at *2 (M.D. Fla. July 12, 2019). Dismissal under Rule 41(b), however, is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017).

The undersigned concludes that dismissal of Plaintiff's case under Rule 41(b) is appropriate in this case. First, Plaintiff has failed to prosecute this action. He absconded from his community supervision, and, consequently, failed to advise the Court or Defendants of his current address. Then, Plaintiff failed to respond to the Court's recent order to show cause, which was sent to his last known mailing address. Second, but in the same vein, Plaintiff has failed to comply with a court order, namely, the Court's February 5, 2020, order directing him to advise the Court of any change in his mailing address and warning him that failure to do so would result in dismissal.

The Court finds that Plaintiff's failure to prosecute this action and advise the Court of a change in his mailing address has been willful because he did so with full knowledge of this pending action and of the

4

Court's February 5, 2020, order (which was mailed to him prior to his release from DOC custody and not returned).  Further, the Court finds that a *sua sponte* dismissal is appropriate because lesser sanctions either do not exist to motivate Plaintiff's participation in this case or will not suffice to remedy Plaintiff's noncompliance.  *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985–86 (11th Cir. 2019); *Harrison v. Miller*, 381 F. App'x 894 (11th Cir. 2010).

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED** under Federal Rule of Civil Procedure 41(b) for failure to prosecute this action and failure to comply with a court order.[1]

**IN CHAMBERS** this 24th day of November 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations**

---

[1] The **Clerk** is directed to mail to Plaintiff a copy of this report and recommendation at 141 NW 1st St., Dania Beach, FL, 33004.

**as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.